UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Lee Davis, # 262942, *aka Clifton L. Davis*, | ) C/A No. 9:12-2482-JMC-BM </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| vs. | ) **Report and Recommendation** </br> ) |
| Attorney General Alan Wilson; </br> The Solicitor Mr. Russo, | ) </br> ) </br> ) </br> ) |
| Defendants. | ) |

Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on Aug. 31, 2012) indicates that Plaintiff is serving a thirty-year sentence for distribution of crack cocaine (third offense). His conviction was entered in the Court of General Sessions for Marion County in 1999. In the above-captioned case, Plaintiff has brought suit against the Attorney General of South Carolina and a former Assistant Solicitor for the Twelfth Judicial Circuit of South Carolina.[1]

---

[1] Although the Defendant Russo was apparently a Solicitor at the time alleged in the Complaint, the South Carolina Bar's 2011–2012 *Lawyers Desk Book*, at page 504, indicates that Defendant Russo is now a South Carolina Circuit Judge, who holds an "at large" seat. Biographical information on the South Carolina Judicial Department website (http://www.judicial.state.sc.us/circuitCourt/displaycirjudge.cfm, last visited on Aug. 31, 2012) indicates that Defendant Russo was the Deputy Solicitor for the Twelfth Judicial Circuit of South Carolina from February of 1999 until his election as an "at large" South Carolina Circuit Judge in 2005.



The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of a trial *in absentia*. Plaintiff had signed a plea agreement on August 24, 1999, but indicates that his attorney "did not confirm that [his] court date would be held on August 25, 1999[.]"[2] Plaintiff states that he did not appear because he had to care for his "greatly ill" spouse. The plea agreement, according to Plaintiff, specified a sentence of fifteen (15) years. Plaintiff was actually sentenced to thirty (30) years in prison. In his prayer for relief, Plaintiff seeks to be re-sentenced to fifteen (15) years in prison.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal

---

[2]Information in Plaintiff's prior federal habeas corpus action, *Clifton L. Davis v. Robert Stevenson, Warden BRCI*, Civil Action No. 9:08-3255-GRA-BM, indicates that the trial *in absentia* was actually held on September 2–3, 1999. The trial judge sealed the sentence. On November 29, 1999, the sentence was unsealed. Plaintiff was sentenced to thirty (30) years and a fine of $100,000 for two distribution convictions and a concurrent sentence of fifteen (15) years suspended upon service of ten (10) years with a fine of $5,000 on the proximity conviction. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

2

construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even when considered under this less stringent standard, however, the undersigned concludes that this Complaint is subject to summary dismissal. A *pro se* litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

First, this case is subject to summary dismissal because of the prosecutorial immunity held by the Defendants. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310 (Westlaw 2012). Solicitors are elected by voters of a judicial circuit, who then in turn appoint the Assistant Solicitors. *Anders v. Cnty. Council for Richland Cnty.*, 284 S.C. 142, 325 S.E.2d 538, 539–40 (1985). Prosecutors — such as Defendant Russo — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000). As for the Defendant Wilson, in South Carolina the Attorney General is the chief prosecuting officer of the State. *See* S.C. Const. art. v, § 24. Hence, the South Carolina Attorney General and South Carolina Assistant Attorneys



3

General also have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See, e.g., Garrett v. McMaster*, Civil Action No. 7:07-2952-HFF-WMC, 2008 U.S. Dist. LEXIS 19430 and 2008 U.S. Dist. LEXIS 61858, 2008 WL 3411673, at *5–6 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). Moreover, prosecutorial immunity extends to the direct appeals, post-conviction cases, and federal habeas corpus cases. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals); *cf. Lowe v. Letsinger*, 772 F.2d 308, 314–15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365–69 & nn. 3–4 (7th Cir. 1992).

Additionally, since the plaintiff is challenging criminal proceedings which ultimately resulted in his conviction *in absentia* and a thirty-year prison sentence, this civil rights action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must



4

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).[3]

Here, Plaintiff has not received a favorable termination in his criminal case. In *Clifton L. Davis v. Robert Stevenson, Warden BRCI*, Civil Action No. 9:08-3255-GRA-BM, Plaintiff brought a habeas corpus action challenging his convictions for distribution of crack cocaine and distribution of crack within the proximity of a school entered in Case No. 99-GS-33-246. On July 10, 2009, the Honorable G. Ross Anderson, Jr., United States District Judge, granted summary judgment to respondent and denied Petitioner's relief. *See Davis v. Stevenson*, Civil Action No. 9:08-3255-GRA-BM, 2009 U.S. Dist. LEXIS 59311, 2009 WL 2048958 (D.S.C. July 10, 2009). On March 3, 2010, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. *See Davis v. Stevenson*, No. 09-7472, 368 Fed.Appx. 377, 378, 2010 U.S. App. LEXIS 4477, 2010 WL 727751 (4th Cir. March 3, 2010)(*per curiam*).

Finally, Plaintiff cannot obtain an earlier release from prison in this civil rights action, even if this case was not otherwise subject to dismissal for the reasons stated.. *See Heck v.*

---

[3]Although Plaintiff does not expressly seek monetary damages, he is seeking to be released from prison based on a breached plea agreement. Therefore, *Heck v. Humphrey* is applicable, even though Plaintiff is seeking injunctive or declaratory relief. *See Womack v. Grannis*, No. 1:09-cv-01241-LJO-YNP PC, 2009 U.S. Dist. LEXIS 122499, 2009 WL 5088765, at *4 (E.D. Cal, Dec. 17, 2009); *Jones v. Staples*, No. 1:09-cv-1030, 2009 U.S. Dist. LEXIS 110098, 2009 WL 4251138, at *3 (W.D. Mich., Nov. 24, 2009) ("To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)[.]"); and *Cox v. Ashcroft*, 601 F. Supp. 2d 1261, 1272 (E.D. Cal. 2009) ("This bar also extends to claims for declaratory relief."); *cf. Stubbs v. Hunter*, 806 F. Supp. 81, 82–83 (D.S.C. 1992).



*Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202–204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

Plaintiff's attention is directed to the Notice on the next page.

September 12, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7