IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Clifton Lee Davis, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 9-12-cv-02482-JMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Attorney General, Alan Wilson, The ) | |
| Solicitor Mr. Rosso, ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 9] filed on September 12, 2012, recommending that Plaintiff's Complaint [Dkt. No. 1] alleging a claim under 42 U.S.C. § 1983 be dismissed without prejudice and without issuance and service of process. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff is an inmate at the Evans Correctional Institute currently serving thirty (30) years for distribution of crack cocaine (third offense). He claims that he signed a plea agreement on August 24, 1999, that specified a fifteen-year (15) sentence. Plaintiff failed to appear at trial, blaming his attorney for not confirming his court date and also attempting to excuse his presence at trial due to his wife's mental illness. Plaintiff was tried *in abstenia* and was sentenced to thirty (30) years in prison. Plaintiff brought suit under 42 U.S.C. § 1983 against Attorney General Alan Wilson and Deputy Solicitor Russo seeking to be resentenced to the fifteen years to which he contends he originally agreed. The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice finding that Defendants were protected by prosecutorial immunity. The Magistrate Judge further recommended dismissal on the grounds that a petition for writ of habeas corpus, not §1983, was the exclusive remedy for challenging the fact and duration of his confinement, and that Plaintiff's § 1983 action had not accrued because he had not successfully challenged his incarceration or his sentence.

Plaintiff timely filed objections [Dkt. No. 14] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of Plaintiff's objections, the court finds his objections unpersuasive. Plaintiff challenges the Magistrate Judge's finding of prosecutorial immunity, citing several case law head notes on qualified immunity. The United States Supreme Court has made clear that a prosecutor enjoys absolute, not qualified immunity, when acting as an advocate and when performing "activities . . . intimately associated with the judicial phase of the criminal process." See *Imbler v. Pachtman*, 424 U.S. 409, 424 - 431 (1976) (providing an extensive policy discussion on the need for prosecutors to have absolute rather than qualified immunity); *see also Williams v. Condon*, 347 S.C. 227, 241, 553 S.E.2d 496, 504 (Ct. App. 2001) (providing a brief summary of the Supreme Court's arguments in *Imbler)*.

Plaintiff's remaining objections are merely restatements of his original claims, in which he argues that he should be entitled to his original plea agreement and that he should not be punished for failing to appear in court given his obligation to his sick wife. As the Magistrate Judge correctly pointed out, the exclusive remedy for a prisoner challenging his sentence and seeking an earlier release is through a petition for writ of habeas corpus.

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 9] and **DISMISSES** Plaintiff's Complaint [Dkt. No. 1] without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 23, 2012
Greenville, South Carolina